SOLIVELLAS v. NATIONAL CITY BANK OF NEW YORK et al.

No. 4457.

United States Court of Appeals First Circuit.

May 26, 1950.

Luis Blanco Lugo, San Juan, Puerto Rico (B. F. Sanchez and Raul Matos, San Juan, Puerto Rico, with him on brief), for appellant.

Herbert S. McConnell, San Juan, Puerto Rico (Adolfo Valdes and Gilberto J. Marxuach, San Juan, Puerto Rico, with him on brief), for appellees.

MARIS, Circuit Judge.

This is an appeal by the plaintiff from a summary judgment entered by the United States District Court for the District of Puerto Rico dismissing her complaint which sought the recovery of certain real property alleged to be in the possession of the defendants or some of them.

It appears that in 1896 Lucas Solivellas Vicens and Loreto Viqueria Villanueva constituted a collective mercantile partnership known as Solivellas y Compania. In 1917 the partnership acquired certain real estate in the Municipality of Yauco which is the subject matter of the suit. Lucas Solivellas died on February 12, 1929 leaving a will in which after two specific legacies he bequeathed all his property, rights and shares to his two nephews, Antonio and Jaime-Enrique Viqueira Solivellas, in equal shares. On July 13, 1929 the two testamentary legatees and the surviving partner, Loreto Viqueira, dissolved the partnership by deed and awarded the real estate in controversy to Loreto Viqueira.

On November 25, 1931 Loreto Viqueira constituted a mortgage upon the real estate in question to secure two bearer notes one of which he pledged with the defendant The National City Bank of New York. On January 17, 1933 The National City Bank of New York brought an action in the United States District Court for Puerto Rico [1] to foreclose its mortgage in which action judgment was subsequently entered. A sale was had and The National City Bank of New York became the purchaser. On April 6, 1936 it sold the property to a partnership known as Diaz, Rodriguez y Compania. That partnership was dissolved on November 5, 1938 and was succeeded by the defendant partnership of the same name.

Meanwhile in May, 1930 the plaintiff had instituted in the District Court for

---

1. No opinion for publication.

the Judicial District of Ponce an affiliation suit against Antonio and Jaime-Enrique Viqueira to have herself declared the natural daughter of the decedent, Lucas Solivellas. Marginal annotations giving notice of this suit were entered on May 31, 1930 in the registry of property with respect to the real estate here involved. The suit was decided in favor of the plaintiff on June 30, 1932. An appeal from the judgment was dismissed by the Supreme Court of Puerto Rico, on January 30, 1934. 46 D.P.R. 974.

In July, 1932 the plaintiff brought another suit in the District Court for the Judicial District of Ponce against Antonio and Jaime-Enrique Viqueira, this time joining Loreto Viqueira as a defendant. In this suit she sought to be adjudged the owner of the property of Lucas Solivellas by virtue of intestate succession and she asked for a decree declaring that the partnership Solivellas y Compania was unlawfully dissolved by the defendants and, therefore, continues to exist and that the transfers of its property made by the defendants should be declared null and without effect. On July 30, 1932 notice of the pendency of this suit was entered in the registry of property by marginal annotations with respect to the real estate in controversy. On January 20, 1937 the court entered judgment in this suit declaring that the plaintiff was the lawful owner of the interests in the properties which belonged to her father Don Lucas Solivellas Vicens, that the deed whereby the defendants had dissolved and liquidated the partnership Solivellas y Compania was null and void, that the said partnership was unlawfully dissolved and, therefore, continues to exist, and that the transfers which the defendants made of the properties here involved were null and void. An appeal from the judgment was dismissed by the Supreme Court of Puerto Rico. Semidey v. Viqueira, 1938, 53 P.R.R. 445.

More than ten years later the present suit, the third one instituted by the plaintiff, was brought in the District Court for the Judicial District of Ponce against The National City Bank of New York, the suc-

cessor partnership Diaz, Rodriguez y Compania and a number of individuals interested in that partnership and its dissolved predecessor. The suit was promptly removed to the United States District Court for Puerto Rico. In it the plaintiff seeks a declaration that she is the owner of the real estate described in the complaint, that the deeds by which The National City Bank of New York and its successors in interest acquired title thereto are null and void, that possession of the real estate be delivered to her and that the defendants account to her for the profits thereof. The defendants filed a motion to dismiss the complaint, which was denied. The defendants then answered and subsequently filed a motion for summary judgment which the court granted. From the judgment thus entered the present appeal was taken by the plaintiff.

■■ The judgment of the District Court must be affirmed. The plaintiff's action is one for recovery of real property referred to in the law of Puerto Rico as reivindication. In such action it is incumbent upon the plaintiff to prove her own title to the real property in controversy. Manresa, Comentarios al Codigo Civil Espanol, 6th ed. 1934, vol. III, p. 138. Here the admitted facts conclusively establish that the plaintiff presently does not have title to the real property which she seeks to recover. It is true that in her second suit it was determined that the dissolution of the partnership Solivellas y Compania was void and that the conveyance of the property in question by Antonio, Jaime-Enrique and Loreto Viqueira to the latter, under whom the defendants claim title, was likewise void. The most that can be taken from this, however, is that the partnership still continues to exist and that it is still the owner of the real estate here in controversy.

■ Under the law of Puerto Rico a partnership is a juridical person separate and distinct from that of any of its members. In this respect it is quite different from an Anglo-American common law partnership. Consequently a Puerto Rican partnership holds title to the property of the

**1.** No opinion for publication.

partnership as a juridical person and the members of the partnership are not co-owners or participants in the ownership of its property. Gonzalez v. Mendez, 1905, 8 P.R.R. 249, 261–262; Blanco v. Registrar of San Juan, 1920, 28 P.R.R. 159, 162. Accordingly, even though the plaintiff has been determined by the judgment entered in her first suit to be the sole and universal heir of Lucas Solivellas and, therefore, entitled to his interest in the partnership Solivellas y Compania, she has not thereby become the owner of the partnership property of which the real estate here in controversy is part.

■ The judgment of the District Court for the Judicial District of Ponce in the plaintiff's second suit declares that "the plaintiff is the lawful owner of each and every one of the property rights, participations, co-ownerships and interests in the properties described hereinabove in this judgment, and which belonged to her father Don Lucas Solivellas Vicens". In the same judgment the court declared invalid the deed of dissolution of the partnership executed by Antonio, Jaime-Enrique and Loreto Viqueira on July 13, 1929, required them to account for the fruits and products of the properties, and declared that the partnership continues to exist. We think that by this judgment the court intended to make clear that the plaintiff as heir of Lucas Solivellas was entitled to his interest in the partnership Solivellas y Compania and that to the extent that Antonio, Jaime-Enrique and Loreto Viqueira had taken partnership property they must return it so that the plaintiff may obtain whatever share she may be entitled to receive as her father's heir. The court certainly could not have intended to hold that Loreto Viqueira had lost his own interest in the partnership or that the ordinary procedure for its liquidation for the benefit of all parties in interest had been dispensed with.

■ Except by purchase, and there is no suggestion of a purchase here, the only way in which a partner in a Puerto Rican partnership can become the owner of any of the partnership property is by an award to him of such property in the final liquidation of the partnership. The applicable statutory provisions are to be found in the Code of Commerce of Puerto Rico, 1932 Ed., Sections 138 et seq. The plaintiff does not suggest, however, that she has invoked this statutory procedure for the liquidation of the partnership or that as a result of liquidation the real property in question has been awarded to her. On the contrary she appears to have ignored the statute and to have attempted to have herself declared the owner of the partnership property in question without going through the established procedure for its liquidation. This she cannot lawfully accomplish. Rosaly v. Graham, 1908, 16 P.R.R. 156, 161.

■ We, of course, do not decide whether the plaintiff may now procure the liquidation of the partnership Solivellas y Compania since that question is not before us. It seems clear, however, that the dismissal of the present suit will not prejudice the plaintiff's right, if any she has, to proceed under the statute to procure the liquidation of the partnership. Vidal v. Monagas, 1946, 66 P.R.R. 588. Likewise we cannot now know whether, if the partnership is liquidated, the real estate here in controversy will actually be awarded to the plaintiff. It is only in that event, however, that the questions will be ripe for determination which the plaintiff has here sought to raise with respect to the title of the defendants to the real estate in question and the effect of the notations of the pendency of her two prior actions which were made by marginal annotations in the Registry of Property.

The judgment of the District Court will be affirmed.